JACOB GOLDMAN, Respondent, *v.* STERN BROTHERS, Appellant.

Negligence — motor vehicles — collision of auto trucks at intersection of two streets — ordinance of New York city providing that vehicles traveling upon streets running north and south shall have right of way over those traveling on streets running east and west — erroneous charge permitting jury to find which of two intersecting streets runs north or south and which east or west.

Plaintiff's truck was traveling upon a street in New York city which runs north sixty-nine degrees east. This street is crossed by another which runs north twenty-one degrees west, and on which defendant's truck was traveling. At the crossing the two trucks collided and plaintiff brings this action to recover for the damages to his truck caused by the collision. An ordinance of the city of New York, in force at that time, provided that " On all streets and public places all vehicles going in a northerly or southerly direction shall have the right of way over any vehicle going in an easterly or westerly direction." The trial judge left it to the jury to determine, as a question of fact, which of the two streets runs north or south and which east or west. To this defendant excepted and asked the court to charge " that the vehicle on the street running more nearly to true north and south had the right of way under the ordinance." Under the circumstances the charge asked for should have been given. The course of the street on which defendant's truck was traveling is removed from the north by only twenty-one degrees; that on which plaintiff's truck was traveling approaches within twenty-one degrees of east and is removed by sixty-nine degrees from north. Under the charge made, the jury were permitted to find that the latter street runs north, and the former east. This conclusion has no basis in the facts.

*Goldman* v. *Stern Brothers*, 207 App. Div. 811, reversed.

(Argued April 7, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 24, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellant. Reversible error was committed in leaving to the determination of the jury as a question of fact which street involved in this case runs in a northerly or southerly direction within the meaning of the provisions of the city ordinances. (*Ford* v. *N. Y. C. Int. Ry. Co.*, 236 N. Y. 346; *McGuire* v. *N. Y. Ry. Co.*, 230 N. Y. 23; *Cassidy* v. *F., J. & G. R. R. Co.*, 200 App. Div. 241; 234 N. Y. 599.)

*John C. Robinson* and *Morris A. Wainger* for respondent. No error was committed in leaving to the determination of the jury as a question of fact which street involved in this case runs in a northerly or southerly direction within the meaning of the provisions of the city ordinances. (*Ward* v. *Clark*, 232 N. Y. 195; *Demarest* v. *F. S. St., etc., R. R. Co.*, 104 App. Div. 503; *Szuchy* v. *Hillside Coal Co.*, 150 N. Y. 219; *Ayres* v. *D., L. & W. R. Co.*, 158 N. Y. 254; *Cronin* v. *Ford*, 161 N. Y. 90; *Griffin* v. *Manice*, 166 N. Y. 188; *McGuire* v. *N. Y. Ry. Co.*, 230 N. Y. 23; *Cassidy* v. *F., J. & G. R. R. Co.* 234 N. Y. 599; *Ford* v. v. *N. Y. C. Interborough Ry. Co.*, 236 N. Y. 346.)

CARDOZO, J. The action is for personal injuries.

A motor truck operated by the plaintiff was in collision with one operated by the defendant's servant at the junction of Sherman avenue and Academy street in the city of New York. The circumstances of the collision make the right of way material. Sherman avenue, on which plaintiff was traveling, runs north, 69 degrees east. Academy street, traveled by the defendant, crosses Sherman avenue at right angles, and runs north, 21 degrees west. The ordinance of the city of New York then in force, but since amended, provides: " On all streets and public places, all vehicles going in a northerly or southerly direction shall have the right of way over any vehicle going in an easterly or westerly direction." The trial

judge left it to the jury to determine as a question of fact which of the two streets, Sherman avenue or Academy street, runs north or south and which east or west. To this the defendant excepted, and asked the court to charge " that the vehicle on the street running the more nearly to true north or south had the right of way under the ordinance."

We think upon the physical conditions proved, the charge asked for should have been given. The course of Academy street is removed from north by only 21 degrees. That of Sherman avenue approaches within 21 degrees of east, and is removed by 69 degrees from north. Under the charge made, the triers of the facts were permitted to find that the latter street runs north, and the former east. Such a conclusion has no basis in the facts. The framers of the ordinance had knowledge of the city map and the configuration of the streets. They knew that the rule which they were prescribing would be useless if confined to streets and avenues running precisely north and south, or precisely east and west, for few, if any, such exist. Directions approximately conforming to those stated in the ordinance must have been understood to be sufficient to bring its mandate into play.

We do not deal here with a situation in which both streets are nearer to north and south than they are to east and west, with one a little nearer than the other. The question would then be whether the ordinance applies to either. That is not the case before us.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Judgments reversed, etc.